# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01524-SCT

*MARRION L. GREEN*

*v.*

*SOUTHERN LANDFILL MANAGEMENT, INC.,*
*ROBERT R. HUME, R.R.H. HOLDINGS, INC., JACK*
*TOMLINSON, AND J. M. TOMLINSON HOLDINGS,*
*INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/2004 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEVIN DWIGHT MUHAMMAD |
| ATTORNEYS FOR APPELLEES: | DANNY E. CUPIT |
| | C. VICTOR WELSH |
| | ROBERT WARREN MOAK |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 11/03/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., GRAVES AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The material facts necessary for a determination of this appeal are not in dispute. R. R.H. Holdings, Inc. and J. M. Tomlinson Holdings, Inc. organized Southern Landfill Management, Inc. ("SLM") for the purpose of acquiring real property on which to construct, own and operate a sanitary landfill in Jefferson County.    In 1993, SLM purchased approximately two-thirds undivided interest in a 113-acre parcel known as the Wesley Fulton

Tract. SLM leased the remaining one-third undivided interest from Marrion L. Green, who did not wish to sell.

¶2. The primary term of the lease was fifteen years. SLM had an option to renew the lease for an additional ten years. The lease also provided that after the landfill closed, but not sooner than 25 years, SLM would deed to Green any property it owned in the Wesley Fulton Tract not part of the actual landfill. The lease further provided that the property used for the landfill would be deeded to Green upon release by the Mississippi Department of Environmental Quality.

¶3. On March 5, 1996, SLM filed an action in the Chancery Court of Jefferson County, seeking partition of the Wesley Fulton Tract. Green answered the partition suit and counterclaimed for specific performance of the Lease Agreement. While Green's counterclaim was still pending, Special Chancellor Donald Patterson dismissed SLM's partition suit for failure to prosecute. However, prior to the dismissal of the partition suit, Green filed this tort action for damages, alleging that SLM's partition action was a bad-faith attempt to deprive him of his future contingent interest in the undivided two-thirds interest in the Wesley Fulton Tract and that he had been fraudulently induced to enter the lease agreement. After discovery, the defendants sought dismissal of the complaint, asserting that the statute of limitations had expired. Alternatively, the defendants moved for summary judgment.

¶4. On June 9, 2004, Special Circuit Court Judge Robert L. Goza granted partial summary judgment to the defendants. Judge Goza held that SLM had a legal right to seek partition of the property and that such partition would not affect the Plaintiff's rights or SLM's duties under the lease. Judge Goza stated that, "[a]s a matter of law, filing the partition suit cannot be the

basis for the Plaintiff's claim that Southern Landfill or any of the other defendants breached the lease in bad faith or committed a tortious act of any kind."

¶5. The trial court also found that Green had adequate legal and equitable remedies for any alleged breaches of the lease agreement and that Green had provided no evidence of fraud, fraudulent inducement, or bad faith. Judge Goza further found that, even if such evidence did exist, the cause of action for fraud, fraudulent inducement and bad faith would be barred by the statute of limitations. The trial court granted summary judgment to all parties except SLM and dismissed all claims against SLM except for other claims it might have for breach of the lease agreement.

¶6. Green's curiously-formatted notice of appeal included three issues for review, two of which were redacted, leaving as the sole issue on appeal whether SLM tortiously breached the Lease Agreement by virtue of filing the partition action. Finding the trial court committed no error, we affirm.

## ANALYSIS

¶7. It is unclear to this Court why Green challenges on appeal SLM's right to partition. Judge Goza addressed the issue as follows:

> As the owner of an undivided interest in the fee simple estate, Southern Landfill had a legal right to partite the property in kind and to file the complaint . . . . The partition in kind of the property would not affect the Plaintiff's rights or Southern Landfill's duties under the lease. As a matter of law, filing the partition suit cannot be the basis for the Plaintiff's claim that Southern Landfill or any of the other defendants breached the lease in bad faith or committed a tortuous act of any kind.

3

¶8.	We find Judge Goza's astute observation to be exactly correct. Green cites no authority supporting the proposition that exercising the legal right to partition creates a cause of action in contract or tort.

¶9.	In light of Special Chancellor Patterson's dismissal of the partition suit on June 28, 2002, we are also puzzled by Green's assertion that the alleged bad-faith breach would occur only if the defendants were successful in obtaining the partition. We also note that Green is statutorily protected from any deprivation of rights through the partition process:

> Nothing herein contained shall be construed so as to injure, prejudice, defeat or destroy the estate, right, or title of any person claiming a tract of land, or any part thereof, or any piece or lot of land by title under any other person, or title paramount to the title of the joint tenants, tenants in common, or coparceners, among whom partition may have been made.

Miss. Code Ann. § 11-21-41 (Rev. 2004). Thus, the partition action filed by SLM could not reasonably have been construed to divest Green of any future contractual rights. Green has wholly failed to present a cognizable claim against any of the defendants.

## CONCLUSION

¶10.	For the reasons stated, we affirm the judgment of the Circuit Court of Jefferson County.

¶11.	**AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

4